## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Commerce Limited Partnership #9213,**
**a Pennsylvania limited partnership,**
**Commerce Group, Inc., a Florida corporation,**
**NCV Equity Funding, LLC, a Delaware**
**limited liability company, Martin E. O'Boyle**
**and Sheila O'Boyle, Plaintiffs Below,**
**Petitioners**

**FILED**

September 27, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-1421** (Greenbrier County 11-C-206)

**Olivieri, Shousky and Kiss, P.A. and Paul A. Kiss,**
**Defendants Below, Respondents**

### MEMORANDUM DECISION

Petitioners Commerce Limited Partnership #9213, a Pennsylvania limited partnership, Commerce Group, Inc., a Florida corporation, NCV Equity Funding, LLC, a Delaware limited liability company, Martin E. O'Boyle, and Sheila O'Boyle, by counsel Sarah B. Smith and Kevin L. Carr, appeal the order entered by the Circuit Court of Greenbrier County on October 24, 2012, denying their motion for reconsideration of an order granting respondents' motion to dismiss the underlying action. Respondents Olivieri, Shousky and Kiss, P.A., and Paul A. Kiss, by counsel Daniel R. Schuda, filed a response. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

### FACTUAL AND PROCEDURAL HISTORY

In August of 2003, Respondent Olivieri, Shousky and Kiss, PA., an architectural firm, offered to create architectural designs for a residential renovation involving a building located in Greenbrier County, West Virginia. Petitioner Commerce Limited Partnership #9213 is the record owner of that property. The contract offer was in the form of a six page letter, on respondents' Collingwood, New Jersey's office letterhead, signed by Paul A. Kiss, principal of Olivieri, Shousky and Kiss. The contract offer was sent to Martin and Sheila O'Boyle, Commerce Group, in Deerfield Beach, Florida. Petitioner Martin E. O'Boyle agreed to the offer contained in the letter, signed it on August 20, 2003, and returned it to respondents, creating the contract that is the subject of this litigation. Petitioner NCV Equity Funding, LLC, a Delaware Limited Liability

1

Company, alleged it paid respondents over $12,000 for work pertaining to the architectural designs.

Petitioners were not satisfied with the architectural designs and alleged the designs were useless due to multiple errors. Petitioners filed a complaint in the Circuit Court of Greenbrier County against respondents alleging breach of contract, a third-party beneficiary breach of contract claim, and a breach of implied warranty of fitness for a particular purpose. All claims stem from alleged problems in the architectural designs prepared pursuant to the contract. Respondents answered the complaint claiming that venue was improper because the parties agreed that suit could only be filed in New Jersey, their principal place of business. On January 17, 2012, respondents moved to dismiss for improper venue, relying on the forum-selection clause of the contract, which states,

> The law which shall be used to interpret this Agreement, including the "Choice of Law" Rules shall be the law of the jurisdiction where the Design Professional has its principal office for business. The parties hereby agree that the Design Professional may only be sued (or arbitration commenced in the event this contract expressly provides for arbitration) in the state in which the Design Professional has its principal office for business and only in the county or local judicial district in which said office is located.

On March 29, 2012, the circuit court entered a provisional order granting respondents' motion to dismiss for improper venue. The circuit court found that the contract's forum-selection clause was unambiguous and met all of the requirements for enforcement as identified by this Court in *Caperton v. A.T. Massey Coal Co., Inc.*, 225 W.Va. 128, 690 S.E.2d 322 (2009).

After obtaining new counsel, petitioners filed a Rule 60(b) motion and raised two primary issues: negligence of petitioners' prior counsel; and the unenforceability of the forum-selection clause. On September 10, 2012, the circuit court heard arguments on the motion. On October 24, 2012, the circuit court entered a final order in this matter granting respondents' motion to dismiss.

On appeal, petitioners argue that the circuit court erroneously dismissed the complaint. They contend that the circuit court failed to give meaningful analysis to the factors that must be satisfied in order to enforce the contract's forum-selection clause. Petitioners urge this Court to find the clause unenforceable so they may proceed with this case in the Circuit Court of Greenbrier County.[1]

---

[1]Petitioners also maintain that the circuit court did not adequately address the prejudice caused to petitioners by their former counsel's ineffective assistance. We find that argument to be without merit. At the hearing held on September 10, 2012, the circuit court remedied any such failure by allowing a second presentation of arguments on the issue of respondents' motion to dismiss.

2

## STANDARD OF REVIEW

The sole issue on appeal is whether the circuit court erred in granting respondents' motion to dismiss.[2] "Courts generally consider a motion to dismiss, based upon a forum selection clause, as a motion to dismiss for improper venue." Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b)(3)[6] at 376 (4th ed. 2012). Generally, our review of a trial court's decision to dismiss for improper venue is for abuse of discretion. Syl. Pt. 1, *United Bank, Inc. v. Blosser*, 218 W.Va. 378, 624 S.E.2d 815 (2005). However, the applicability and enforceability of a forum-selection clause is a question of law, and our review is therefore de novo. *See* Syl. Pt. 2, *Caperton v. A.T. Massey Coal Co., Inc.*, 225 W.Va. 128, 690 S.E.2d 322 (2009). We articulated the pertinent factors of our analysis in Syllabus Point 4 of *Caperton*:

> Determining whether to dismiss a claim based on a forum-selection clause involves a four-part analysis. The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires classification of the clause as mandatory or permissive, *i.e.*, whether the parties are *required* to bring any dispute to the designated forum or are simply *permitted* to do so. The third query asks whether the claims and parties involved in the suit are subject to the forum-selection clause. If the forum-selection clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.

After careful consideration of the parties' arguments, this Court concludes that the circuit court did not err in granting respondents' motion to dismiss based on the forum-selection clause of the contract. The parties agreed that the place of jurisdiction for all disputes arising in connection with the contract would be the principal place of business of respondents exclusively.

---

[2]We note that "'[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order.'" Syl. Pt. 4, *Law v. Monongahela Power Co.*, 210 W.Va. 549, 558 S.E.2d 349 (2001) (*quoting* Syl. Pt. 3, *Toler v. Shelton*, 157 W.Va. 778, 204 S.E.2d 85 (1974)). When reviewing an order denying a Rule 60(b) motion, "'the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner.'" *Id.* at Syl. Pt. 5.

In this case, however, the Rule 60(b) motion was not predicated on a final order. The motion was filed in response to a provisional order. We therefore grant petitioners' request to review the underlying judgment because the order resulting from their Rule 60(b) motion is the final order granting respondents' motion to dismiss.

**DISCUSSION**

Petitioners make several arguments that challenge the enforceability of the forum-selection clause, none of which are ultimately convincing. Petitioners argue that the first *Caperton* factor is not met because the forum-selection clause was "snuck in" the contract. As support for this argument, petitioners rely on the fact that only four months earlier, the parties entered into a nearly identical contract that did not contain a venue provision. We find this argument unconvincing because the forum-selection clause was in the initial contract offer. The contract offer was sent in its existing form and it was signed and returned, creating a binding contract. Both parties are therefore bound by the terms of the contract. Accordingly, we find that the circuit court did not err in finding that the forum-selection clause of the contract was reasonably communicated to respondents. The first *Caperton* factor is satisfied.

Turning to the second *Caperton* factor, we find that the forum-selection clause was specified with mandatory terms. The parties agreed that respondents could only be sued in the state in which they held their principal office for business and only in the county or local judicial district in which the office is located. Petitioners argue that ambiguity in the contract undermines the use of the contract's mandatory language.[3] We disagree. The contract expresses the intent of the parties in plain language and the contract must be enforced according to its terms. *See* Syl. Pt. 1, *Sally-Mike Props. v. Yokum*, 175 W.Va. 296, 332 S.E.2d 597 (1985). We therefore agree with the circuit court's conclusion that under the clear language of the contract, this suit must be filed in a court other than the Circuit Court of Greenbrier County, West Virginia.[4] *See General Elec. Co. v. G. Siempelkamp GmbH & Co.,* 29 F.3d 1095, 1099 (6th Cir. 1994) ("Because the clause states that 'all' disputes 'shall' be at Siempelkamp's principal place of business, it selects German court jurisdiction exclusively and is mandatory.").

---

[3]Petitioners argue that ambiguity exists because the contract's letterhead listed respondents' New Jersey address, but the forum-selection clause did not specify their principal place of business. We reject this reasoning because the record does not support the contention that respondents' principal place of business was unknown. We need to look no further than petitioners' complaint that states, "Upon information and belief, the Defendant, Olivieri, Shousky and Kiss, P.A. ('OSK'), is a New Jersey professional association, with its principal place of business in New Jersey. OSK's primary address is 17 West Knight Avenue, Suite 200, Collingswood, New Jersey, 08108." Similarly, petitioners assert that "Design Professional" is an ambiguous and undefined term. This argument is unpersuasive. The contract is an agreement between an architectural firm and a client for the preparation of architectural designs. Paul Kiss, identified as principal of Olivieri, Shousky & Kiss, P.A., signed the contract, written on the letterhead of Olivieri, Shousky & Kiss, P.A. The architectural firm jointly with Mr. Kiss, either individually as the contract signatory or as a principal of the architectural firm, is clearly the design professional.

[4]We find no merit in petitioner's assertion that the circuit court abused its discretion in specifying New Jersey as the proper forum for this matter, in its order dated March 29, 2012.

4

Having determined that the forum-selection clause at issue in this case is mandatory, we now turn to the third factor of *Caperton* to determine whether the claims and parties involved in the suit are governed by the clause. Petitioners argue that because not all parties are signatories to the contract, they may not be bound by its terms. We rejected this argument in *Caperton* and found that

> a range of transaction participants, signatories and non-signatories, may benefit from and be subject to a forum selection clause. In order for a non-signatory to benefit from or be subject to a forum selection clause, the non-signatory must be closely related to the dispute such that it becomes foreseeable that the non-signatory may benefit from or be subject to the forum selection clause.

*Caperton*, 225 W.Va. at 153, 690 S.E.2d at 347.

Applying the foregoing holding to the facts of the instant case, we find that the circuit court did not err in holding that all petitioners are bound by the contract's forum-selection clause. It is clear from the complaint that all of petitioners' claims arise either directly or indirectly from the contract for architectural services. The very nature of the claims brought requires an examination of respondents' performance under the contract. *See Hellenic Inv. Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517 (5th Cir. 2006) (enforcing forum-selection clause against a non-signatory to the contract on the basis that the non-signatory benefited from the performance of the contract); *Marano Enters. of Kansas v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) (concluding non-signatory to contract was "closely related to the disputes arising out of the agreements and properly bound by the forum-selection provisions"); and *Deloitte & Touche v. Gencor Indus., Inc.*, 929 So.2d 678, 684 (Fla.Dist.Ct.App. 2006) (observing that "where the interests of a non-party are directly related to or completely derivative of those of the contracting party, the non-signatory is bound by the contract's forum selection clause.").

The fourth, and final, factor of *Caperton* is to ascertain whether respondents have rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching. The circuit court found that there was no support "for the suggestion that the venue provision was included by fraudulent means or that the venue provision violates the public policy of West Virginia or that it is unconscionable." We agree and find that petitioners have failed to demonstrate that they will be deprived of a remedy if the forum-selection clause is enforced. The clause is, therefore, not unreasonable.

Petitioners' final assignment of error is that the circuit court abused its discretion by denying their request for discovery of parol evidence regarding the contract's interpretation. They maintain that discovery is appropriate to resolve ambiguities in the contract. We agree with the circuit court's finding that because the contract provision is unambiguous, discovery is unnecessary because parol evidence should not be considered. *See First Nat. Bank of Bluefield v. Clark*, 181 W.Va. 494, 500, 383 S.E.2d 298, 304 (1989) ("Where the parties to a contract reduce the same to writing, and intend for the writing to be the final expression of their contract, parol evidence is inadmissible to vary the writing.").

For the foregoing reasons, we find no error in the decision of the circuit court and affirm its order granting respondents' motion to dismiss this action based on the forum-selection clause in the parties' contract.

Affirmed.

**ISSUED:** September 27, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis